IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WEST SIDE SALVAGE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13–cv–0363–MJR–PMF |
| | ) |
| RSUI INDEMNITY CO., | ) |
| | ) |
| Defendant. | ) |

# ORDER

**REAGAN, District Judge:**

In this diversity action, West Side Salvage (against whom judgments totaling $24 million were entered after a 17-day jury trial last year—"the underlying litigation") has sued RSUI Indemnity Company for bad faith refusal to negotiate and settle the underlying litigation. Now before the Court are two motions: Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 12), and its Motion to Stay Discovery (Doc. 20). The Court takes the motions in turn.

Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), which allows a party to challenge the Court's subject matter jurisdiction. Defendant's motion was filed on May 20, 2013—exactly 21 days before June 10, 2013, when Plaintiff filed its Amended Complaint. The Federal Rules give a party an opportunity to amend its pleadings once "as a matter of course within" 21 days after service of a Rule 12(b) motion. **FED. R. CIV. P. 15(a)(1)(B)**. Plaintiff's Amended Complaint was timely filed, and when an amended complaint is filed, the "prior pleading is withdrawn and the amended pleading is controlling." *Johnson v. Dossey*, **515 F.3d 778, 780 (7th Cir. 2008).** Defendant's Motion to Dismiss (**Doc. 12**) the original complaint is therefore **DENIED as MOOT**.

As to the second motion, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Texas Independent Producers & Royalty Owners Association v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Defendant premised its motion on the pendency of its motion to dismiss—a motion that is now moot. Even if it were not, this Court is well within its discretion to deny a stay in discovery. *See SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 n.11 (7th Cir. 1988) ("Discovery need not cease during the pendency of a motion to dismiss."). *See also New England Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013) ("It may well be that [the] motion to dismiss will be successful, but until [the district court rules on it, that] assertion is mere speculation."). The circumstances of the case at this time do not warrant staying discovery, and Defendant's Motion to Stay Discovery (**Doc. 20**) is accordingly **DENIED**.

    IT IS SO ORDERED.

    DATE: <u>June 26, 2013</u>                       <u>s/ *Michael J. Reagan*</u>
                                                       **MICHAEL J. REAGAN**
                                                       United States District Judge