IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| WEST SIDE SALVAGE, INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13–cv–0363–MJR–PMF |
| | ) | |
| RSUI INDEM. CO., | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

**REAGAN, District Judge:**

In this insurance coverage dispute, Defendant RSUI Indemnity Company has appealed two of Magistrate Judge Frazier's discovery-related rulings from November 25, 2013. In an unopposed motion, Plaintiff West Side Salvage, Inc., has now requested leave to file its response brief under seal. According to Plaintiff's motion, the brief and appendix materials include communication and assessments (among representatives of both Plaintiff and Defendant) relating to settlement issues regarding the (currently on-appeal) underlying litigation. Plaintiff also notes the parties have committed to a Confidentiality Agreement relating to the information and documentation Plaintiff seeks to file under seal.

The Court first counsels both parties that leave to file documents under seal is not automatic, even if the parties are of one mind on the matter. The public has a strong interest in the publicity of judicial proceedings, *Bond v. Utreras*, **585 F.3d 1061, 1075 (7th Cir. 2009) (quoting** *Baxter Int'l, Inc. v. Abbott Labs.*, **297 F.3d 544, 547 (7th Cir. 2002))**, and whether the parties consent to sealing the information is beside the point, *Baxter,* **297 F.3d at 546**. However, when the information sought to be sealed meets "the definition of trade secret or other categories of bona fide long-term confidentiality," the public's interest in open judicial proceedings can be trumped. *Bond,*

1

585 F.3d at 1075.  *Accord In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010) (Confidentiality can be justified by statute, rule, or privilege).

Here, because of the ongoing nature of the underlying litigation and settlement negotiations, and because the details of the information sought to be sealed are not critical to the discovery appeal, the Court finds good cause to allow Plaintiff's response to be filed under seal.  It appears the appeal may hinge on the fact of communication between and among attorneys and parties—not the contents of those communications.  Additionally, there is ample precedent for keeping confidential the contours of preliminary settlement discussions where the enforceability of the settlement agreement is not at issue.  *Walker v. Gore*, No. 1:08–cv–0549–DFH–WTL, 2008 U.S. Dist. LEXIS 84297, at *7–8 (N.D. Ind. Oct. 20, 2008) (sealing documents when no party challenged the terms of confidential arbitration agreement).  *Accord Swarthout v. Ryla Teleservices, Inc.*, No. 4:11–CV–21–PRC, 2012 U.S. Dist. LEXIS 155178, at *11–12 (N.D. Ind. Oct. 30, 2012) (finding good cause to seal settlement agreement where assuring confidentiality of the settlement was a key and material term to the agreement).  *But see Union Iol Co. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Calling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment").

The parties should note: if certain contents of settlement negotiations are material to the disposition of the instant discovery appeal, the Court will discuss them on the public record.  But Plaintiff's instant motion for leave to file its response under seal (**Doc. 50**) is **GRANTED**.

**IT IS SO ORDERED.**

**DATE: December 23, 2013**                    s/ *Michael J. Reagan*
                                                                              **MICHAEL J. REAGAN**
                                                                              United States District Judge