IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WEST SIDE SALVAGE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13–cv–0363–MJR–PMF |
| | ) |
| RSUI INDEMNITY CO., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM & ORDER

**REAGAN, District Judge:**

This coverage dispute stems from Plaintiff West Side Salvage, Inc.'s ("West Side's") allegations that its excess policy insurer RSUI Indemnity Company ("RSUI"), in bad faith, refused to negotiate and settle claims against West Side (in Case No. 10–cv–0474, *Jentz v. ConAgra*). As a result, West Side claims, it was exposed to upwards of ten million dollars' liability in excess of the policy.

The case comes before the Court on RSUI's appeal of Magistrate Judge Frazier's November 25, 2013 discovery order. In that ruling, Judge Frazier applied the common interest doctrine, which excepts certain communications from the protections of attorney-client privilege, to communications from attorneys at the firm of Traub Lieberman Straus & Shrewsberry ("Traub") regarding the underlying litigation.

## ANALYSIS

Where, as here, a party objects to the non-dispositive order of a magistrate judge, the district judge sets aside any part of the order that is "clearly erroneous" or is "contrary to law." **Fed. R. Civ. P. 72(a);** *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

Judge Frazier found that attorneys from Traub, whom RSUI hired to act on its behalf in resolving the underlying litigation, acted "for the mutual benefit of both West Side and RSUI."

1

(Doc. 46, 4).[1]  Due to that relationship, Judge Frazier held that the attorney-client privilege over communications (about the underlying lawsuit) between Traub and RSUI were defeated by Illinois' "common interest" doctrine.

Under the common interest doctrine, when an attorney acts for two different parties who each have a common interest, communications by either party to the attorney are not necessarily privileged in subsequent litigation between the two parties.  *Waste Mgmt., Inc. v. Int'l Surplus Lines Ins. Co.*, 579 N.E.2d 322, 328 (Ill. 1991).  The doctrine has particular relevance when the insured and insurer initially have a common interest in defending an action against the former, and there is a possibility those communications might play a role in a subsequent action between the two.  *Id.*

In *Waste Management*, a seminal case regarding attorney-client privilege between insurers and insureds, the Supreme Court of Illinois applied the common interest doctrine where both parties "had a common interest either in defeating *or settling*" the underlying claim.  *Id.* **(emphasis here).** The Court extended the "typical" situation, where one attorney provides joint or simultaneous representation to both parties, to situations where the attorney, "though neither retained by nor in direct communication" with the other party, acts for the mutual benefit of both parties.  *Id.* **at 329 (citing *Rogers v. Robson*, 392 N.E.2d 1365, 1370–71 (Ill. App. Ct. 1979) (when insurer retains attorney to defend insured, attorney represents both parties in furthering interests of each); *Latronica v. Royal Indem. Co.*, 132 N.E.2d 16, 19 (Ill. App. Ct. 1956) (insurer and insured should have common interest in matters of defense and settlement)).**

RSUI argues here that Traub attorneys were hired "to provide RSUI with coverage advice for the underlying claims" and that their participation in settlement negotiations did not "somehow

---

[1] Judge Frazier also found that the attorney hired by Colony Insurance, West Side's primary insurer, also acted for the "mutual benefit" of both West Side and RSUI.  (Doc. 46, 4).

2

transform Traub into West Side's defense counsel, as Judge Frazier determined." That argument is premised on misunderstandings of both the common interest doctrine and Judge Frazier's findings.

As explained above, the common interest doctrine is not limited to situations where one attorney represents both parties. *Waste Mgmt.*, **579 N.E.2d at 329.** And there is ample documentation on the record (including letters from Traub attorneys to West Side's attorney (Doc. 52-1, 4) and to West Side's primary insurers (Doc. 52-1, 9–10)) indicating Traub was acting for the mutual benefit of both RSUI and West Side. Judge Frazier correctly distinguished this case from an Illinois appellate court case where the common interest did not apply to communications between an insurer and independent coverage counsel (not, as here, counsel that was hired specifically for the purposes of the underlying litigation). The Court finally notes that Judge Frazier's Order was carefully tailored to *Waste Management's* requirement that the common interest doctrine, as applied to communication regarding the underlying litigation, does not abrogate the privileged nature of attorney-client communication concerning the instant litigation. *See Waste Mgmt.*, **579 N.E.2d at 331–32.**

There was no clear error in Judge Frazier's Order. RSUI's appeal of the order (**Doc. 47**) is **DENIED**.

**IT IS SO ORDERED.**
**DATE: January 15, 2014**          s/ *Michael J. Reagan*
                                    **MICHAEL J. REAGAN**
                                    United States District Judge